UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | Case No.: 1:16-cv-00112 LJO JLT<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATION TO DISMISS THE ACTION AS UNTIMELY (Doc.6)<br><br>SECOND ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

## I.  Background

After a preliminary review of the petition revealed that the petition may be untimely and should therefore be dismissed, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely.  (Doc. 4).  Petitioner did not a respond.  Accordingly, the Court issued Findings and Recommendations to dismiss the petition for lack of timeliness.  (Doc. 6).  The Findings and Recommendations allowed Petitioner 21 days to object.

On March 14, 2016, Petitioner filed his objections, notifying the Court, for the first time, of a host of facts which he had previously failed to disclose.  (Doc. 7).  Foremost among those facts was that Petitioner had filed *two* prior federal habeas petitions in this Court.  Respondent challenged the first petition, case number 1:14-cv-00863-MJS, as untimely.  However, Respondent soon withdrew the

1

timeliness objections and eventually, the Court dismissed that case for lack of exhaustion. In case number 1:15-cv-01469-SKO, Petitioner again claimed ineffective assistance of counsel. Once again, the Court dismissed the action for lack of exhaustion. Petitioner has now advised the Court that his claim has been exhausted in the California Supreme Court. (Doc. 1, p. 10).

However, the question of timeliness remains, and the issue was never squarely addressed in the original case, i.e., 1:14-cv-00863-MJS, nor raised at all in case number 1:15-cv-01469-SKO. In that first petition, Petitioner argued for a different starting point for the AEDPA one-year limitation period based on his claim that he did not discover the factual basis for his ineffective assistance claim until well after the statutory period would have begun under normal circumstances. Although it appears that Respondent contested this allegation regarding the date on which the one-year period commenced, the issue was never resolved by the Magistrate Judge in that case. Moreover, Petitioner never provided information as to when he contended he discovered the factual basis for his claim.

Based on the foregoing new information, the Court is reluctant to proceed with its timeliness analysis without affording Petitioner a second opportunity to provide this Court with evidence regarding when he became aware of the factual basis for his claim of ineffective assistance or any other evidence that might bear upon the commencement or running of the one-year period. If Petitioner fails to provide **full and adequate** information sufficient to show a different starting date for the one-year period, the Court will issue a new Findings and Recommendations to dismiss the petition as untimely.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. The Findings and Recommendation issued on March 4, 2016 to dismiss the action on timeliness grounds is **WITHDRAWN**;
2. **Within 30 days** of the date of service of this order, Petitioner is **ORDERED** to show cause why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d). Petitioner should provide any evidence he possesses regarding when he became aware of the factual basis for his ineffective assistance of counsel claim, if that date differs from the date the statutory period would

have commenced under normal circumstances, i.e., at the conclusion of direct review.

**Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **March 24, 2016**                       /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE