**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEROME LEE CROSS,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No.: 1:16-cv-00112-LJO-JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. No. 18]<br><br>[TWENTY-ONE DAY OBJECTION PERIOD] |

Respondent moves the Court to dismiss the petition based on a violation of the statute of limitations. The Court agrees the petition is untimely and recommends that the Respondent's motion be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's

procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

## II. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied*, 118 S.Ct. 586 (1997). The instant petition was filed on January 21, 2016, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins on the date that the petitioner's direct review became final. Here, Petitioner was convicted on April 17, 2009. On March 2, 2010, the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), modified the sentence on count three pursuant to Cal. Penal Code § 654 but otherwise affirmed. Petitioner did not seek review in the California Supreme Court. On June 24, 2010, the Kings County Superior Court amended the abstract of judgment as directed by the Fifth DCA. Petitioner did not appeal the resentence.

Petitioner also filed seven habeas petitions in the state courts, as follows:

**First Petition:**
April 13, 2009: Petition for writ of habeas corpus filed in Kings County Superior Court.
June 12, 2009: Petition denied.

**Second Petition**:
April 23, 2009: Petition for writ of habeas corpus filed in the Kings County Superior Court.
June 3, 2009: Petition denied.

**Third Petition:**
June 1, 2010: Petition for writ of habeas corpus filed in the California Supreme Court.
February 16, 2011: Petition denied.

**Fourth Petition:**
December 21, 2011: Petition for writ of habeas corpus filed in the Kings County Superior Court.
February 14, 2012: Petition denied.

**Fifth Petition:**
December 18, 2014: Petition for writ of habeas corpus filed in the Kings County Superior Court.
March 10, 2015: Petition denied as untimely with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998)

**Sixth Petition:**
July 15, 2015: Petition for writ of habeas corpus filed in Fifth DCA.
August 14, 2015: Petition denied.

**Seventh Petition:**
November 5, 2015: Petition for writ of habeas corpus filed in the California Supreme Court.
January 13, 2016: Petition denied, citing In re Robbins, 18 Cal. 4th at 780.

In addition, Petitioner filed two prior federal habeas petitions challenging the same conviction: Cross v. Robinson, 1:14-cv-00863-MJS (HC), and Cross v. Warden, 1:15-cv-01469-SKO (HC). The first petition was filed on June 6, 2014, and presented four claims. The Court denied all but Petitioner's ineffective assistance of counsel claim as untimely. The Court dismissed the ineffective assistance of counsel claim for failure to exhaust state remedies. Petitioner filed his next petition on September 28, 2015, raising the ineffective assistance of counsel claim. The Court dismissed this petition on December 28, 2015, again for failure to exhaust.

In this case, Petitioner did not appeal following his resentencing. California state law governs the period within which prisoners have to file an appeal and, in turn, the that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001) (California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th

1084, 1086 (1999) (citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal following his resentencing, his direct review concluded on August 23, 2010, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA commenced the following day, on August 24, 2010, and Petitioner had one year from that date, or until August 23, 2011, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). Petitioner did not file the instant petition until January 21, 2016[1], which was four-and-one-half years after the limitations period expired.

Petitioner argues, however, that the limitations period did not commence until the date he discovered the factual predicate for his ineffective assistance of counsel claim. However, under § 2244(d)(1)(D), the one-year limitation period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)), not when the factual predicate was actually discovered by Petitioner and not when Petitioner understands the legal theories available to him or the legal significance of the facts that he discovers. Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (quoting Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004)). To "have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice." Hasan, 254 F.3d at 1154. In order to claim the benefit of tolling in this case, it is Petitioner's burden to establish it. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

Here, Petitioner claims he did not discover his trial attorney's ineffectiveness until May 6, 2014, when he was informed that his attorney had cases overturned due to her substance abuse. Under § 2244(d)(1)(D), the one-year limitations period would then have commenced on May 6, 2014, and

[1] Under the mailbox rule, a petitioner's pleading is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276 (1988). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

expired on May 6, 2015. Even granting Petitioner this later start date, the instant petition was filed over eight months late.

III. Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. The limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001). Therefore, Petitioner is not entitled to any tolling for the time his prior federal petitions were pending. In addition, Petitioner is not entitled to any tolling for the time his first four state habeas petitions were pending, since they were filed and rejected prior to the commencement of the limitations period. A tolling provision has no applicability where the period to be tolled has not commenced. See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), *abrogated on other grounds*, Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999) (state collateral action filed before commencement of limitations period does not toll limitation period), *affirmed*, 531 U.S. 4.

Finally, Petitioner is not entitled to tolling during the time the last three habeas petitions were pending. Although they were filed after the commencement of the limitations period, they were determined to be untimely by the state courts. A California state court's citation to In re Robbins, 18 Cal. 4th at 780, is considered a clear ruling of untimeliness. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007). Therefore, the superior court and California Supreme Court specifically found the petitions to be untimely. The Fifth DCA denied the petition without comment, but it is presumed that

the court rejected the petition for the same reason. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment . . . , later unexplained orders upholding that judgment . . . rest upon the same ground"). Because the state courts found the petitions to be untimely, they could not be considered "properly filed" within the meaning of § 2244(d)(2), and therefore, could not operate to toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Thus, Petitioner is not entitled to statutory tolling, and the instant petition remains untimely.

IV. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be dismissed.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the motion to dismiss be **GRANTED** and the habeas corpus petition be **DISMISSED WITH PREJUDICE** for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 26, 2016**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE